UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HALL,<br>　　　　Plaintiff<br>　　v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>　　　　Defendant. | Case No. 2:16-cv-01599-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Michael Hall ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 10, 11] and briefs addressing disputed issues in the case [Dkt. 17 ("Pltf.'s Br."); Dkt. 16 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court affirms the decision of the Commissioner.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On September 12, 2012, Plaintiff filed an application for DIB, alleging that he became disabled as of January 19, 2012. [Dkt. 14, Administrative Record ("AR")

12.] The Commissioner denied his initial claim for benefits on February 5, 2013, and then denied his claim upon reconsideration on August 7, 2013. [*Id.*] On May 8, 2014, a hearing was held before Administrative Law Judge ("ALJ") Ariel L. Sotolongo. [AR 25-65.] The ALJ issued a decision denying Plaintiff's request for benefits on July 25, 2014. [AR 9-24.] Plaintiff requested review from the Appeals Council, but the Appeals Council denied his request for review on January 8, 2015. [AR 1-4.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 19, 2012 through his date last insured of June 30, 2012. [AR 14 (citing C.F.R. § 404.1571 *et seq.*).] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative lumbar disease, with chronic low back pain; seizure disorder; and diabetic neuropathy. [*Id.* (citing 20 C.F.R. § 404.1520(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 455 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):
> [L]ight work as defined in 20 CFR 404.1567(b). The claimant can lift/carry 20 pounds occasionally and 10 pounds frequently. He can stand/walk 4 hours and sit 4 hours each in an 8-hour workday. The claimant requires a sit/stand option allowing the claimant to alternate positions about once per hour. The claimant can engage in occasional stooping. The claimant is subject to seizure precautions, including avoiding hazards such as unprotected heights and working around dangerous machinery.

[AR 15.] Applying this RFC, the ALJ found that Plaintiff is capable of performing past relevant work as a customer service clerk (DOT 241.367-014) and telemarketer

2

(DOT 299.357-014) and, thus, is not disabled. [AR 19-20.]

## III.  GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV.  DISCUSSION

Plaintiff contends that the ALJ: (1) erred in the assessment of his credibility and (2) erred in the assessment of weight accorded to the opinions of the treating, examining, and non-examining physicians. [Pltf.'s Br. at 1-2.] The Court disagrees.

### A. The ALJ's Opinion Provides At Least One Clear and Convincing Reason for the Credibility Determination.

Plaintiff first argues that the ALJ failed to state sufficient reasons for discounting Plaintiff's credibility. [Pltf.'s Br.at 16-19.]

If a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged and there is no affirmative evidence of malingering, the ALJ must offer "clear and convincing" reasons to reject the claimant's testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." (internal quotation omitted)). Moreover, "[t]he ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *Holohan v.*

3

*Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); *Bunnell v. Sullivan,* 947 F.2d 341, 345-46 (9th Cir. 1991). In addition to the "ordinary techniques of credibility evaluation," *Bunnell*, 947 F.2d at 346, the following factors may be considered in assessing credibility: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

At the administrative hearing, Plaintiff testified that he suffers from significant pain and discomfort in his, back, legs, and feet. [AR 33-41.] Plaintiff reported difficulty with standing, walking, sitting, and performing daily activities, such as household chores and cooking. [AR 41-52.] Plaintiff also claimed that he does not go out by himself and needs to use the bathroom twice an hour. [AR 52-57.]

The ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause some of Plaintiff's alleged symptoms, Plaintiff's allegations concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent alleged. [AR 16.] As discussed below, the ALJ offered legally sufficient reasons to support this adverse credibility determination.

First, the ALJ found that Plaintiff contributed to his symptoms related to his seizure disorder by failing to comply with prescribed medication. [AR 14-19.] An ALJ, in determining credibility, may consider a Plaintiff's failure to follow a prescribed treatment. *See Smolen,* 80 F.3d at 1283; *Fair v. Comm'r of Soc. Sec.* 885 F.2d 597, 603 (9th Cir. 1989); *see also* 20 C.F.R. § 404.1530. Plaintiff does not challenge this rationale, and the Court finds that Plaintiff's medical records support

4

the ALJ's conclusion. In 2012, Plaintiff reported that his seizures had started after 20 years of dormancy. [*See* AR 271-275.] Subsequently, a September 2012 treatment note indicated that Plaintiff had not been compliant with medication and often made excuses for why he was not taking medication as prescribed. [AR 18, 270.] Further medical notations indicated that Plaintiff's medication level was slightly under therapeutic level because he had been out of seizure medication for two weeks. [AR 18, 298.] Plaintiff's failure to follow a prescribed treatment regimen for his seizure disorder was a valid reason for discrediting Plaintiff's subjective complaints regarding this impairment.

Second, the ALJ also properly observed that Plaintiff's subjective complaints and alleged limitations are not consistent with his ability to perform "a wide range of activities of daily living." [AR 19; *Bunnell*, 947 F.2d at 346 (An ALJ may consider a claimant's daily activities when weighing credibility); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (upholding an ALJ's rejection of a claimant's credibility in partial reliance on the claimant's daily activities of cooking, cleaning, shopping, interacting with others and managing her own finances and those of her nephew).] Plaintiff reported extreme limitations in functioning. Plaintiff testified that he is unable to stand or walk for more than 20 minutes, has constant low back pain and leg pain, and numbness in his feet. [AR 33-43.] When asked about his daily activities, Plaintiff claimed, "I really don't do too much." He testified that he watched TV in a recliner, walked around the block, and played his guitar. Plaintiff further testified that he did *not* clean, cook, or go out by himself. [AR 46-47.] The ALJ reasonably found Plaintiff's assertion that he was unable to engage in these activities not credible in light of the fact that he reported to the consultative psychiatrist that he would "*run errands, shop, cook*, and watch TV, read, bathe then get dressed." [AR 229 (italics added).] In addition, he reported that "[h]e gets along fairly [sic] with family and friends… [and] manages his own money." [*Id.*] The third-party function reported completed by Vanessa Turner, Plaintiff's girlfriend,

5

also stated that Plaintiff makes his own meals and goes to the grocery store once a month. [AR 177-184.] Such inconsistences between Plaintiff's activities reported to the consultative psychiatrist and in the third party function report and his testimony at the hearing support the rejection of his credibility. *See*, *e.g.*, *Burch*, 400 F.3d at 680-81; *Thomas*, 278 F.3d at 958-59; *see Orn v. Astrue,* 495 F.3d 625, 636 (9th Cir. 2007) (claimant's inconsistencies in testimony relevant when assessing credibility). Accordingly, the ALJ's analysis is supported by substantial evidence in the record and should be upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004) ("When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion."); *Thomas*, 278 F.3d at 959 (where "the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.").

Plaintiff also asserts that the ALJ improperly relied on a lack of objective evidence, Plaintiff's use of a cane without a prescription, and Plaintiff's reports of varying degrees of pain to discredit his testimony. [Pltf.'s Br. at 7-8.] However, because the Court has already determined that sufficient evidence supported the ALJ's decision to discount Plaintiff's subjective complaints, it need not determine whether the ALJ materially erred in considering these other reasons for discrediting Plaintiff's testimony. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (finding an error by the ALJ with respect to one or more factors in a credibility determination may be harmless if the ALJ's "remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record."). Accordingly, the Court concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider Plaintiff's credibility.

///

///

## B. The Weight Accorded To The Opinions Of The Treating, Examining, And Non-Examining Physicians Was Proper.

Plaintiff next contends that the ALJ erred in his evaluation of the treating, examining, and non-examining physicians. [Pltf's Br. at 10-16.]

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine, but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *See* 20 C.F.R. §§ 404.1502, 404.1527; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ is obligated to take into account all medical opinions of record, resolve conflicts in medical testimony, and analyze evidence. 20 C.F.R. § 404.1527(c); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

In conducting this analysis, the opinion of a treating or examining physician is entitled to greater weight than that of a non-examining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). To reject the uncontradicted opinion of a treating or examining physician, the ALJ must provide clear and convincing reasons. *Ghanim v. Colvin*, 763 F.3d 1154, 1160-61 (9th Cir. 2014); *Lester*, 81 F.3d at 830. When a treating or examining physician's opinion is contradicted by another opinion, an ALJ may not reject the opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Ghanim*, 763 F.3d at 1161; *Garrison*, 759 F.3d at 1012; *Lester*, 81 F.3d at 830-31. "This is so because, even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Garrison*, 759 F.3d at 1012 (internal citation omitted).

Although ALJs "are not bound by any findings made by [non-examining] State agency medical or psychological consultants, or other program physicians or

psychologists," ALJs must still "consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled" because such specialists are regarded as "highly qualified . . . experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i). "Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist." 20 C.F.R. §§ 404.1527(e)(2)(ii); *see also* SSR 96-6p ("Findings...made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources," and ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions.").

### i. The ALJ Provided Specific and Legitimate Reasons for Assigning Dr. Bautista's Opinion Limited Weight.

The record in this case includes very little medical evidence. Plaintiff provided the medical source opinion of one treating physician, Dr. Marvic A. Bautista's, M.D. Dr. Bautista's two-page report is based on three visits with Plaintiff from November to December 2013. [AR 17, 285-288, 289-299.] Plaintiff contends that the ALJ improperly gave little weight to the opinion of Dr. Bautista, in favor of the opinions of a consultative physician, and two State agency medical consultants. [Pltf.'s Br. at 13-16.] Given that Dr. Bautista's opinion was contradicted, the ALJ was required to, and as set forth herein did, provide specific and legitimate reasons for evaluating Dr. Bautista's opinion as he did.

On December 17, 2013, Dr. Bautista completed a Physical Medical Source Statement of Plaintiff in which he found that Plaintiff had decreased sensation in his feet, blurry vision, back pain, and an unsteady gait. [AR 17, 316-317.] He opined

that the Plaintiff should never lift or carry any weight, could sit less than two hours and stand/walk less than two hours in an 8-hour workday, should alternate between sitting and standing, needed unscheduled breaks every 30 minutes, could use his upper extremities only 20 percent of the time for fine and gross manipulation, and would miss work four days per month. [*Id.*]

The opinions of the consultative examining internist, Dr. Seung Ha Lim, and the State agency medical consultants, Dr. Kenneth Wainner and Dr. F. Wilson, were inconsistent with Dr. Bautista's opinion. [AR 18.] Dr. Lim, Dr. Wainner, and Dr. Wilson found that Plaintiff was capable of performing a range of medium work with seizure precautions. [*Id.*] The ALJ assigned Dr. Bautista's opinion "little weight" and attributed significant weight to the consultative internist and State agency medical consultants findings that Plaintiff could perform medium work. However, the ALJ assigned less weight to the State agency medical consultants' findings of no external limitations (other than seizure precautions) because "at the time of the opinion the [State agency medical consultants] did not have an opportunity to examine all of the medical records."[1] [*Id.*]

The ALJ concluded that Dr. Bautista's opinion was "contradicted by the overall record" and was "based on only three visits by the [Plaintiff]." [AR at 17.] Specifically, the ALJ found that the medical record did not reflect any impairments of the upper extremities or blurry vision. [AR 17.] Plaintiff concedes in his brief that, "the records do not specifically reflect impairments of the upper extremities," but contends that the ALJ should have sought clarification from Dr. Bautista regarding his diagnosis of polyneuropathy, which can cause upper extremity limitations. [Pltf.'s Br. at 14.] However, the ALJ is not a roving investigator; his

---

[1] Despite the findings by the consultative internist and state agency consultants that Plaintiff was capable of performing medium work, the ALJ limited the Plaintiff's RFC to *light* work with a sit/stand option to give Plaintiff "the benefit of the doubt based on his allegations of back pain." [AR 18.]

9

duty "to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001); *see Webb v. Barnhart*, 433 F.3d 683 (9th Cir. 2005) (explaining that the duty to enlarge the record only arises if the evidence is ambiguous, the ALJ finds that the record is inadequate, or the ALJ relies on an expert's conclusion that the evidence is ambiguous). Plaintiff did not testify about upper extremity limitations or report any such limitations to a medical professional. As such, the medical record in this case was not ambiguous and, thus, the ALJ did not have a duty to develop the record.

Similarly, there is no medical evidence to support a finding of blurry vision, as Plaintiff's brief concedes. [Pltf.'s Br. at 15.] In fact, the consultative examiner found that Plaintiff had generally normal visual acuity at 20/40 in the right eye and 20/50 in the left eye without glasses. [AR 17, AR 224.] In light of these specific findings, as well as the record as a whole, the Court finds that the ALJ gave specific and legitimate reasons, supported by substantial evidence, to attribute limited weight to the conclusions of the treating physician regarding Plaintiff's limitations. The Ninth Circuit has long held that "the ALJ need not accept a treating physician's opinion which is 'brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion.'" *Magallanes*, 881 F.2d at 751 (internal quotation omitted); *see also Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) ("[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings." (internal quotation, emphasis, and citations omitted)). This issue therefore does not warrant remand.

### ii. The ALJ Provided Specific and Legitimate Reasons for Assigning Dr. Bagner's Opinion Partial Weight.

Plaintiff further contends that the ALJ improperly gave partial weight to the opinion of Dr. Ernest A. Bagner, III, M.D., consultative psychiatrist, in favor of the

opinions of the State agency medical consultants. [Pltf.'s Br. at 10-13.]

On January 17, 2013, Plaintiff was evaluated by Dr. Bagner. [AR 228-231.] Dr. Bagner diagnosed Plaintiff with depressive disorder NOS and rated Plaintiff's global assessment of functioning at 65. [AR 15, 231; Pltf.'s Br. at 9-10.] Dr. Bagner found that Plaintiff was moderately limited in complying with job rules such as safety and attendance, responding to changes in work pressure, responding to work pressure in a usual work setting, and that his daily activities were moderately limited due to his physical problems. [*Id.*] Dr. Bagner also found that Plaintiff had mild limitations in performing simple and detailed tasks as well as in several other areas of functioning. [*Id.*] The State agency medical consultants concluded that claimant did not have a severe mental impairment and had only mild limitations. [AR 67-90.]

The ALJ found that "the moderate limitations posed by the CE are not consistent with the [CE's] findings on the mental health examination." Furthermore, "the claimant is not receiving psychiatric/psychological treatment of any kind, or taking psychotropic medication." [AR 15.] The ALJ afforded "great weight" to the opinions off the State agency medical consultants. [*Id.*] Plaintiff does not contest the ALJ's finding that the record did not establish a severe mental impairment. [Pltf.'s Br. at 10.] However, he contends that Dr. Bagner's findings regarding Plaintiff's moderate mental limitations and Plaintiff's testimony that his pain and medications caused significant mental limitation should have been included in his RFC.

As stated previously, when an examining physician's opinion is contradicted by another opinion, an ALJ may not reject the opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Ghanim*, 763 F.3d at 1161; *Garrison*, 759 F.3d at 1012; *Lester*, 81 F.3d at 830-31. Here, the ALJ's conclusion Dr. Bagner's mental status examination results were inconsistent with his own opinion is not supported by substantial evidence. The

11

ALJ fails to explain how Dr. Bagner's testing is inconsistent with his opinions. Dr. Bagner opined that Plaintiff would have moderate difficulty in complying with job rules such as safety and attendance, responding to changes in work pressure, responding to work pressure in a usual work setting. [AR 231.] These conclusions are not out of line with impairments in attitude and behavior and concentration and calculation documented in his evaluation. [AR 229-230.] "[W]here the purported existence of an inconsistency is squarely contradicted by the record, it may not serve as the basis for the rejection of an examining physician's conclusion." *Nguyen v. Chatter*, 100 F.3d 1462, 1465 (9th Cir. 1996).

However, as noted by the ALJ, Plaintiff also received no treatment or medication for his depression. The ALJ found that Plaintiff's lack of prescription medication or psychiatric/psychological treatment of any kind is inconsistent with Dr. Bagner's finding of moderate mental limitations, a finding that Plaintiff does not challenge here. The Court finds that the ALJ properly considered Plaintiff's lack of mental health treatment in discrediting the portion of Dr. Bagner's opinion regarding Plaintiff's moderate mental limitations.

Plaintiff also contends that the ALJ erred in disregarding Plaintiff's testimony that "he had particular problems with concentration, even when he has [sic] still working at the telemarketing job" because of the "persistent pain in his lower back, pain and numbness in his feet as well as to [sic] feeling drowsy from his medications." [Pltf.'s Br. at 12.] However, as discussed in *supra* Part IV(A), the Court determined that sufficient evidence supported the ALJ's decision to discount Plaintiff's subjective complaints. As such, reversal is not warranted on this basis.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the

12

Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: May 23, 2017

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE